**In re Jeffrey Steven FISHMAN.**

**Linda BILANDZIC, Plaintiff,**

v.

**Jeffrey Steven FISHMAN, Defendant.**

**Bankruptcy No. 96–42932 S.**
**Adversary No. 97-4160.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock.

Dec. 3, 1997.

See also 1997 WL 784615.

Charles Coleman, Little Rock, AR, for Creditor.

Geoffrey B. Treece, Little Rock, AR, for Debtor.

Richard Ramsay, trustee.

## ORDER GRANTING MOTION FOR PROTECTIVE ORDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the plaintiff's Motion for a Protective Order and Other Relief, filed on October 10, 1997, and the debtor's response and Cross–Motion to Compel, filed on November 17, 1997. Hearing on the motions was held on November 20, 1997, after which the parties submitted supplemental briefs.

This is an adversary proceeding filed in the bankruptcy court objecting to the dischargeability of a debt and objecting to the debtor's discharge. The plaintiff asserts that the debtor fraudulently obtained money from her such that the debt owed to her, evidenced by a $249,000 Illinois state court judgment, is nondischargeable in this bankruptcy case pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), (a)(6). Plaintiff also objects to the debtor's discharge based upon false oath, failure to cooperate with the trustee, transferring property with the intent to hinder and delay creditors, failure to keep adequate books and records, failure to explain loss of assets, and disobeying lawful orders of court. *See generally* 11 U.S.C. § 727(a)(2), (a)(3), (a)(4)(A), (a)(4)(D), (a)(5), (a)(6). The defendant debtor filed a counterclaim requesting that the bankruptcy court enjoin plaintiff from "stalking" defendant's family.[1]

Pursuant to the Federal Rules of Civil Procedure, applicable in this proceeding pursuant to Part VII of the Federal Rules of Bankruptcy Procedure, defendant noticed the deposition of plaintiff. Motions were filed and resolved with regard to that notice and the parties agreed that plaintiff's deposition would be taken at a certain time and place. Subsequent to this agreement, however, the debtor, personally and without his attorney's knowledge, caused to be served two subpoenas upon the plaintiff.

The deposition was begun, and videotaped, at the agreed time. During the deposition numerous questions were asked which are now the subject of the instant discovery dispute. The questions included

- Have you had any cosmetic surgery with respect to your nose, eyes, a rib removed or breast enhancers?
- Have you been romantically involved with Kevin Flynn?
- Isn't it true that the Court dismissed your case against Mr. Meyers because you failed to take the pregnancy test and you'd taken the rather unusual step of filing suit against him before the baby was actually born?
- Have you been concerned about hair loss?...Excessive hair loss....What do you believe causes your excessive hair loss?

In addition, defendant asked questions purportedly related to the pending counterclaim, including questions regarding plaintiff contacts with defendant's wife and son.

Based upon the actions of the debtor in serving subpoenas upon the plaintiff, and the nature of the questions posed at the deposition, the plaintiff requests that the Court prohibit the debtor from contacting the plaintiff; sanction the debtor for his abuse of the discovery process, seal the video-tape deposition and order that it not be made available to the debtor personally, order the destruction of the original and all copies of the video tapes after the conclusion of the adversary proceeding. The debtor not only opposes the motion, but requests that the plaintiff be compelled to answer all of the questions posed during her deposition.

■ This is a bankruptcy proceeding. The counts of the complaint objecting to the dischargeability of debt regard the debtor's actions in obtaining money from the plaintiff. The counts of the complaint objecting to the debtor's discharge raise issues regarding the debtor's dealings with the bankruptcy court, his statements and schedules, and his dealings with the Chapter 7 trustee. The assertion that the questions recited above may in

---

1. There is currently pending a motion to dismiss the counterclaim.

any respect lead to the discovery of admissible evidence regarding the intent elements under § 727(a) of the Bankruptcy Code, *see Brief in Support of Defendant's Response No. 97–4160*, p. 3 (Bankr.E.D. Ark. filed Nov. 17, 1997), is absurd, and, like the questions themselves, patently offensive. Indeed, many of these questions do not even marginally relate to the debtor's counterclaim.[2] Accordingly, the plaintiff will not be required to respond to any of the questions certified in the transcript appended to debtor's motion to compel.

Plaintiff requests a restraining order and sanctions for debtor's actions in posing the questions and in serving, without any reason, two subpoenas upon the plaintiff. Although his actions causing the subpoenas to be served were done without his attorney's knowledge or consent, and there was no reason for this action, he denies that his actions were made with any intent to harass or made with any "coercive purpose." The lengthy history of this case, and the debtor's recalcitrance throughout the case, is simply to the contrary.[3]

The Court has reviewed the pleadings, motions, briefs, and supplemental briefs of the parties, and finds that the plaintiff's motion has merit. Although the Court does not expressly decide, at this juncture, a precise amount of sanctions to be paid by the debtor or that destruction of the video-tapes is required, it is

**ORDERED:** as follows:

1. The plaintiff's Motion for a Protective Order and Other Relief, filed on October 10, 1997, is Granted as follows:

A. The debtor is enjoined from personally contacting, or causing any other person, other than his attorneys, to contact, the plaintiff, Linda Bilandzic. All communication with the plaintiff shall be solely through counsel unless prior written permission is obtained from this Court.

B. Linda Bilandzic shall not be required to respond to the questions, or any questions,

in a similar vein, which are reproduced in the transcript appended to the debtor's motion to compel.

C. At the conclusion of the video-taped deposition of Linda Bilandzic, the original and all copies of the video tapes shall be submitted to the Clerk of the U.S. Bankruptcy Court under seal. All counsel shall take steps to ensure that the debtor personally does not obtain a copy of the video-tape without prior written approval from the Court.

D. Counsel for plaintiff shall submit to the Court a statement of fees and expenses incurred in (1) prosecuting this motion, including investigation into debtor's actions in serving the unwarranted subpoenas; and (2) time expended during the deposition in objecting to the questions, as reproduced in the transcript submitted to the Court. The Court will reserve ruling on sanctions pending conclusion of all discovery in this adversary proceeding.

2. The debtor's Cross–Motion to Compel, filed on November 17, 1997, is DENIED.

**IT IS SO ORDERED.**

---

2. In the event that defendant can persuade the Court that it has jurisdiction over, or should retain jurisdiction of the request for relief in the counterclaim, this issue may again be raised at a later date.

3. The Court is not required to disregard matters learned in prior, judicial hearings. *Cf. United States v. Bernstein*, 533 F.2d 775, 785 (2d Cir. 1976), *cert. denied*, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608 (1976); *In re Grossman*, 147 B.R. 903 (Bankr.N.D.Ill.1992).